IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STEVEN RAGSDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-2257-EFM-KGG |
| | ) | |
| AMSTED RAIL COMPANY, INC. | ) | |
| and BRIAN ROBINSON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# MEMORANDUM AND ORDER ON
# PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 27), seeking to remove language regarding service of process, add additional factual allegations, and include claims for punitive damages as well as pre-judgment and post-judgment interest. Having reviewed the submissions of the parties, the Court **GRANTS** Plaintiffs' motion.

## BACKGROUND

Plaintiff filed the present lawsuit against Defendants in the District Court of Wyandotte County, Kansas, alleging wrongful termination, workers compensation retaliation, and conspiracy to terminate his employment. (Doc. 1-1.) Defendant

1

removed the case to federal court (Doc. 1) and subsequently filed a Motion to Dismiss (Doc. 3). In conjunction with his response to the dispositive motion (Doc. 9), Plaintiff also filed a Motion to Remand the case back to state court (Doc. 10). Both the Motion to Dismiss and Motion to Remand are currently pending before the District Court. As stated above, Plaintiff brings the current motion seeking to remove language regarding service of process, add factual allegations regarding Defendant Robinson's corporate authority, and include claims for punitive damages as well as pre-judgment and post-judgment interest. (*See* Doc. 28.) In their response, Defendants oppose only Plaintiff's proposed factual allegation regarding "Defendant Robinson's firing ability." (Doc. 30, at 3.)

## **DISCUSSION**

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given. **Foman v. Davis**, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); **Frank v. U.S. West, Inc.**, 3 F.3d 1357, 1365 (10th Cir. 1993).

The proposed allegation at issue states that Defendant Robinson "had

2

corporate authority to and/or was free to exercise his sole discretion to terminate Plaintiff's employment." (Doc. 27-1, at 2, ¶ 9.) Defendant argues that this requested amendment is futile because an individual cannot be liable for worker's compensation retaliation under Kansas law. *Rebarchek v. Farmers Co-op Elevator*, 272 Kan. 546, 562, 35 P.3d 892 (2001).

While the Court agrees with this *conclusion of law*, this does not necessarily invalidate Plaintiff's request to amend his pleading to include the requested *factual allegation*. Defendant's argument regarding the legal viability of Plaintiff's cause of action against Defendant Robinson will be addressed by the District Court in the context of Defendant's Motion to Dismiss. In the interim, this Court will allow Plaintiff to include the additional factual allegation regarding Robinson's alleged corporate authority.

Mindful of the admonition that leave to amend shall be freely given, *Foman*, 371 U.S. at 182, 83 S. Ct. at 230, and without prejudice to Defendant's pending Motion to Dismiss, it is therefore Ordered that Plaintiffs' Motion for Leave to Amend (Doc. 27) is hereby **GRANTED**. The amended pleading shall be filed, in the form attached to Plaintiffs' motion, **on or before October 15, 2013**.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion (Doc. 27) is

hereby **GRANTED** as more fully set forth above.

Dated at Wichita, Kansas, on this 1st day of October, 2013.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
