# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEVEN L. RAGSDALE,

    *Plaintiff,*

vs.

AMSTED RAIL COMPANY, INC. d/b/a
GRIFFIN WHEEL,
and
BRIAN ROBINSON

    *Defendants.*

Case No. 13-2257-EFM-KGG

**MEMORANDUM AND ORDER**

Plaintiff Steven Ragsdale filed his petition in the District Court of Wyandotte County, Kansas asserting that Defendants Amsted Rail and Brian Robinson wrongfully terminated his employment in retaliation for filing a workers' compensation claim and that these two Defendants conspired to wrongfully terminate his employment. Defendant Amsted Rail removed the case to federal court asserting diversity jurisdiction despite Robinson's citizenship in Kansas. Amsted Rail contends that Plaintiff fraudulently joined Robinson in an effort to defeat diversity jurisdiction. Plaintiff Ragsdale now seeks to have this case remanded to state court (Doc. 10), and Defendant Robinson requests that the Court dismiss the claims against him because Plaintiff fails to state a claim (Doc. 3). Because the Court concludes that Defendant

Robinson was fraudulently joined in this case, and as described more fully below, the Court denies Plaintiff's motion to remand and grants Defendant Robinson's motion to dismiss.

## I. Factual and Procedural Background

On April 25, 2013, Plaintiff Steven Ragsdale commenced this action by filing in the District Court of Wyandotte County, Kansas.[1]  Plaintiff alleged that he was injured on the job in November 2011, and he filed a workers' compensation claim against Defendant Amsted Rail. Amsted Rail is incorporated in Delaware and its principal place of business is in Illinois. Defendant Brian Robinson is the manager of Human Resources & Safety at Amsted Rail's facility in Wyandotte County.  Robinson is a citizen of Kansas.  On June 21, 2012, Plaintiff was terminated.

Plaintiff asserts two causes of action.  He first asserts that Defendants wrongfully terminated him in retaliation for filing a workers' compensation claim.  Plaintiff also asserts civil conspiracy alleging that Defendants conspired to wrongfully terminate Plaintiff's employment.

On May 30, 2013, Defendant Amsted Rail filed its Notice of Removal.  Amsted Rail contends that this Court has jurisdiction, pursuant to 28 U.S.C. § 1332, based upon diversity between the parties and the amount of controversy exceeds $75,000.  In its Notice of Removal, Amsted Rail contends that although Robinson is a citizen of Kansas, this Court has diversity jurisdiction because Plaintiff fraudulently joined Robinson.

There are now two motions pending before the Court.  Defendant Robinson filed a Motion to Dismiss (Doc. 3) contending that Plaintiff fails to state a claim against him.  Plaintiff

---

[1] Plaintiff Mark Jackson filed an almost identical case in the District Court of Wyandotte County, Kansas. Defendants also removed that case, Case No. 13-2258-EFM-JPO.  The only difference in the two cases is the named Plaintiff and the date on which the named Plaintiff was injured on the job.  Defendants allegedly terminated the two Plaintiffs on the same date, and Plaintiffs bring identical claims against Defendants. The Court today is issuing a separate order on similar matters raised in that case.

Ragsdale filed a Motion to Remand (Doc. 10) asserting that he properly asserted a claim against Defendant Robinson and the case therefore lacks diversity and should be remanded back to Wyandotte County.

## II. Legal Standard

A civil action filed in state court is only removable if the action could have originally been brought in federal court.[2] Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that each defendant is a resident of a different state than each plaintiff.[3]

The party requesting removal has the burden of establishing the federal court's jurisdiction.[4] "Removal jurisdiction over diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought."[5] "Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction."[6] If there are any doubts regarding the federal court's jurisdiction, the court must resolve these doubts in favor of remand.[7]

A plaintiff, however, cannot defeat the right of removal by fraudulently joining a non-diverse defendant who has "no real connection with the controversy."[8] "Fraudulent joinder is a

---

[2] 28 U.S.C. § 1441(a).

[3] *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

[4] *Wolf Creek Nuclear Operating Corp. v. Framatome Anp, Inc.*, 416 F. Supp. 2d 1081, 1084-85 (D. Kan. 2006).

[5] *Id.* at 1085.

[6] *Lowe v. Postrock Midcontinent Prod. LLC,* 2013 WL 6000004, at *2 (D. Kan. Nov. 12, 2013) (quotation marks omitted).

[7] *Id.*

[8] *Id.* (citation omitted).

term of art; it does not reflect on the integrity of the plaintiff or counsel, but exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant."[9] "[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[10]

The party seeking removal and asserting fraudulent joinder has a heavy burden.[11] To establish fraudulent joinder, the removing party must establish that "there is no possibility that plaintiff would be able to establish a cause of action against the defendant in state court."[12] All disputed questions of fact or ambiguities in law must be resolved in favor of the non-removing party.[13] Remand is required if there is the possibility of the viability of any of the claims against the non-diverse defendant.[14] "[T]he propriety of removal is judged on the complaint as it stands at the time of the removal."[15]

### III. Analysis

Defendants contend that Defendant Robinson cannot be held individually liable for Plaintiff's claim for workers' compensation retaliatory discharge. And because Robinson cannot be held liable for the underlying tort of wrongful discharge, Defendants assert that Robinson cannot commit civil conspiracy. Thus, Defendants contend that Robinson was fraudulently

---

[9] *Id.*

[10] *Wolf Creek*, 416 F. Supp. 2d at 1085.

[11] *Dutcher,* 733 F.3d at 988.

[12] *Montano v. Allstate Indemnity*, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (citation omitted).

[13] *Id.*

[14] *Id.* at *2.

[15] *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991).

joined to the action because Plaintiff cannot state a claim against the non-diverse Defendant, and Defendant Robinson should be dismissed from the action. Plaintiff disagrees and contends that he adequately states a claim against Defendant Robinson. Thus, Plaintiff requests that the Court remand the case to state court because the Court does not have diversity jurisdiction.

"A federal court sitting in diversity must apply state law as propounded by the forum's highest court."[16] Thus, this Court must apply Kansas law. In Kansas, "only the employer is liable for retaliatory discharge," and individual liability cannot be imposed on a supervisor for retaliatory discharge.[17] In this case, Plaintiff alleges that Defendant Robinson was the Manager of Human Resources & Safety for Defendant Amsted Rail.[18] Thus, he cannot be held individually liable for retaliatory discharge, and Plaintiff fails to state a wrongful termination claim against him.

Plaintiff argues, however, that Defendant Robinson was more than a mere supervisor because he was the manager of human resources, and there is an inference that Defendant Robinson had corporate authority. Plaintiff contends that the District of Kansas has recognized that individuals with corporate authority can be held individually liable for retaliatory discharge. The case that Plaintiff relies upon, however, is distinguishable. In *Ruisinger v. HNB*

---

[16] *Royal Maccabees Life Ins. Co. v. Choren*, 393 F.3d 1175, 1180 (10th Cir. 2005).

[17] *Rebarchek v. Farmers Coop Elevator*, 272 Kan. 546, 562, 35 P.3d 892, 904 (2001).

[18] In this case, Plaintiff sought leave to amend his complaint to (1) eliminate some superfluous language regarding service of process, (2) expressly allege that Defendant Robinson "had corporate authority and/or could exercise his sole discretion to terminate Plaintiff's employment," (3) add a punitive damages claim, and (4) claim pre-judgment and post-judgment interest. Doc. 27. Magistrate Judge Gale allowed the amendment (Doc. 31), and Plaintiff filed his Amended Complaint on October 11, 2013. Doc. 32. As noted above, the Court considers the allegations in the Petition at the time of removal. Thus, the Court looked at the original Petition, and Plaintiff's additional allegation that Robinson had corporate authority was not a factor in determining the appropriateness of remand to state court. In addition, Defendant Robinson's corporate authority is irrelevant so the additional allegation would not change the Court's analysis.

*Corporation*,[19] the plaintiff did not bring a retaliatory discharge claim based on the filing of a workers' compensation claim. Instead, the plaintiff brought a whistleblower retaliation claim.[20] Thus, this decision is not applicable to this case.

Furthermore, this Court is bound by the law of the Kansas Supreme Court—not decisions issued within the District of Kansas. The Kansas Supreme Court's decision in *Rebarchek* addressed whether a supervisor in a retaliatory discharge action for the filing of a workers' compensation claim could be held individually liable. The case is directly on point and specifically holds that "*only the employer* is liable for retaliatory discharge."[21] Whether an individual has corporate authority is irrelevant. Indeed, the Kansas Supreme Court reversed the Kansas Court of Appeals' decision in which the Court of Appeals limited the potential liability in accordance with the status of the supervisor.[22] Accordingly, whether Robinson had corporate authority is irrelevant, and he cannot be held individually liable for retaliatory discharge based on the filing of a workers' compensation claim. Thus, Plaintiff fails to state a claim of wrongful termination against Defendant Robinson.

Plaintiff also asserts a claim of civil conspiracy against Defendants. "[T]he elements of a civil conspiracy include: (1) two or more persons; (2) an object to be accomplished; (3) a

---

[19] 2012 WL 3758656 (D. Kan. Aug. 29, 2012).

[20] *Id.* at *2. The Court recognizes that in the *Ruisinger* decision, the Court stated that it "read *Rebarchek* to bar worker's compensation retaliation claims against individuals when those individuals are merely managers, distinguishing between managers/supervisors and others with corporate authority." *Id.* This language, however, is not binding. In addition, the Court notes that another case within the District of Kansas states that in Kansas, "the proper defendant in a retaliatory discharge claim is the plaintiff's employer, not individual defendants." *Doerge v. Crum's Enterprises, Inc.*, 2007 WL 1586024, at *10 (D. Kan. May 31, 2007) (stating "*Rebarchek* makes no exception for either an officer or an owner.").

[21] *Rebarchek*, 272 Kan. at 562, 35 P.3d at 904.

[22] 272 Kan. at 561, 35 P.3d at 903.

meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. Conspiracy is not actionable without commission of some wrong giving rise to a cause of action independent of the conspiracy."[23]

Defendants contend that because the wrongful discharge claim is not actionable against Defendant Robinson, Plaintiff fails to state a claim against Defendant Robinson for civil conspiracy. Plaintiff argues that because he adequately states a claim of wrongful discharge against Defendant Amsted Rail, there is a valid underlying tort claim, and the civil conspiracy claim remains valid against Defendant Robinson.

Defendant Robinson could not commit the underlying tort of retaliatory discharge because only an employer is liable for this tort. Moreover, Plaintiff alleges that Robinson, as the manager of human resources and safety at Amsted Rail conspired with Amsted Rail to terminate Plaintiff's employment. Robinson, as an employee acting on behalf of Amsted Rail, cannot conspire with that corporation because Robinson represents the corporation.[24] Thus, there can be no claim for civil conspiracy because there are not "two or more persons" engaged in a conspiracy.

Defendant meets its burden of demonstrating fraudulent joinder. Plaintiff cannot state a claim against Defendant Robinson—the non-diverse Defendant. Thus, there is complete diversity

---

[23] *Stoldt v. City of Toronto*, 234 Kan. 957, 967, 678 P.2d 153, 161 (1984) (quotation marks omitted). *See also Diederich v. Yarnevich*, 40 Kan. App. 2d 801, 811, 196 P.3d 411, 419 (2008).

[24] *See May v. Santa Fe Trail Transp. Co.*, 189 Kan. 419, 424, 370 P.2d 390, 395 (1962) (finding that employees acting in their capacities on behalf of a corporate defendant may not form a conspiracy with that corporation). *See also Diederich*, 40 Kan. App. 2d at 811-12, 196 P.3d at 419 (finding that if an individual acts on behalf of the corporation, rather than for his individual advantage, there is no claim for civil conspiracy against that individual).

between the parties, and this Court has diversity jurisdiction. Plaintiff's Motion to Remand is denied, and Defendant Robinson's Motion to Dismiss is granted.

**IT IS ACCORDINGLY ORDERED** this 19th day of December, 2013, that Plaintiff's Motion to Remand (Doc. 10) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Party Defendant (Doc. 3) is **GRANTED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE